**Richard BARRY, Plaintiff–Appellant,**

v.

**NEW BRITAIN BOARD OF EDUCATION, Defendant–Appellee.**

No. 07–0162–cv.

United States Court of Appeals, Second Circuit.

Nov. 24, 2008.

**114**

Leon M. Rosenblatt, Law Offices of Leon Rosenblatt, West Hartford, CT, for Plaintiff–Appellant.

Michael P. McKeon, Sullivan, Schoen, Campane & Connon, LLC, Hartford, CT, for Defendant–Appellee.

PRESENT: Hon. ROGER J. MINER, Hon. SONIA SOTOMAYOR and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff-appellant Richard Barry ("Barry") appeals from a December 22, 2006, 2006 WL 3791388, decision of the United States District Court for the District of Connecticut (Dorsey, J.) granting defendant-appellee New Britain Board of Education's (the "Board") motion for summary judgment. We assume the parties' familiarity with the underlying facts and procedural history of this case.

Assuming *arguendo* that Barry has established a prima facie case of age discrimination and retaliation under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq., his claims fail because he cannot show that the Board's "proffered explanations" for terminating his position or not hiring him to be Director of Human Resources ("Director") were "merely pretextual and that the actual motivations more likely than not were discriminatory," *Abdu–Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 469 (2d Cir.2001), or retaliatory, *Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 94–95 (2d Cir.2001) (describing pretext requirement for age retaliation claims).

Former Director Scott McDonald and newly hired Director Robert Stacy each had a law degree, a characteristic the Board perceived saved money and increased office efficiency. Barry, though experienced in human resources management, was not a lawyer. Consequently, although Barry technically may have had the qualifications necessary for the position of Director, he cannot show that he was the only qualified candidate for the job. In circumstances like these, we give deference to an employer's reasonable business judgment and therefore "must respect the [Board's] unfettered discretion to choose among qualified candidates." *Byrnie v. Cromwell Bd. of Educ.*, 243 F.3d 93, 103 (2d Cir.2001) (quoting *Fischbach v. D.C. Dep't of Corr.*, 86 F.3d 1180, 1183 (D.C.Cir.1996)).

Thus, considering the "record as a whole," *Reeves v. Sanderson Plumbing Prod. Inc.*, 530 U.S. 133, 151, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000), Barry cannot establish pretext for either of his claims. *See Byrnie*, 243 F.3d at 103 (to show discriminatory pretext where qualifications are at issue, a "plaintiff's credentials would have to be so superior to the credentials of the person selected for the job that 'no reasonable person ... could have chosen

the candidate selected over the plaintiff'" (quoting *Deines v. Tex. Dep't of Protective & Regulatory Servs.*, 164 F.3d 277, 280–81 (5th Cir.1999))); *Cifra v. Gen. Elec. Co.*, 252 F.3d 205, 216 (2d Cir.2001) (rational factfinder must conclude employer's explanation is merely pretext for retaliation).

For the foregoing reasons, the judgment of the district court is AFFIRMED.