******************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

# DEUTSCHE BANK AG *v.* SEBASTIAN HOLDINGS, INC., ET AL.
## (SC 20037)
## (SC 20038)

Robinson, C. J., and Palmer, McDonald, D'Auria,
Mullins, Kahn and Ecker, Js.

*Syllabus*

The plaintiff bank brought the present action against the defendant corporation, S Co., and the individual defendant V, S Co.'s sole shareholder and director, seeking to enforce a foreign judgment. The plaintiff previously brought an action in England against S Co., seeking to recover damages for money owed to it for various trading losses that S Co. incurred after it opened certain trading accounts with the plaintiff. The English court rendered judgment for the plaintiff and awarded it damages and interest. Thereafter, in a postjudgment proceeding, the English court awarded the plaintiff litigation costs and held V, who was not a party to the English action, personally liable for the payment of those costs. In the present action, the plaintiff sought to pierce the corporate veil of S Co. and to hold V liable for the English judgment. Thereafter, S Co. and V filed a motion for summary judgment, claiming that the doctrine of res judicata barred the plaintiff's corporate veil piercing claim on the ground that the plaintiff was required to raise that claim in the English action. The plaintiff filed a separate motion for summary judgment, asserting that the court in the English action had made certain factual findings definitively establishing that V was the alter ego of S Co. and that V therefore was collaterally estopped from denying that he was personally liable for the judgment in the English action. The trial court denied both motions, and the parties filed separate appeals with the Appellate Court, which affirmed the trial court's denial of the parties' motions for summary judgment. The Appellate Court concluded that the plaintiff's corporate veil piercing claim was not barred by res judicata because that claim was different in nature from the breach of contract claims asserted in the English action. The Appellate Court also concluded that V was not collaterally estopped from denying liability for the judgment in the English action because the court's factual findings regarding V's control over S Co. were nonessential to the judgment in the English action. On the granting of certification, the parties filed separate appeals with this court from the Appellate Court's judgment. *Held* that the Appellate Court properly affirmed the decision of the trial court; this court concluded, following a careful examination of the appellate record and consideration of the arguments presented, that the Appellate Court's opinion sufficiently addressed the issues presented, and, accordingly, this court adopted that opinion as the proper statement of the issues and the applicable law concerning those issues.

Argued October 10, 2018–officially released April 9, 2019

*Procedural History*

Action seeking, inter alia, the enforcement of a foreign judgment, brought to the Superior Court in the judicial district of Stamford-Norwalk, where the case was transferred to the Complex Litigation Docket; thereafter, the court, *Genuario, J.*, denied the plaintiff's motion for summary judgment and the defendants' motion for summary judgment, from which the plaintiff and the defendants filed separate appeals to the Appellate Court, *Alvord*, *Bentivegna* and *Pellegrino*, *Js.*, which affirmed the trial court's decision, and the plaintiff and the defendants, on the granting of certification, filed separate appeals with this court. *Affirmed.*

*Wesley W. Horton*, with whom were *Karen L. Dowd* and *Wyatt R. Jansen*, and, on the brief, *Michael S. Taylor, Charles W. Pieterse, Thomas P. O'Connor, Richard M. Zaroff*, pro hac vice, and *Ira S. Zaroff*, pro hac vice, for the appellants in SC 20037 and appellees in SC 20038 (defendants).

*David G. Januszewski*, with whom were *Thomas D. Goldberg*, and, on the brief, *Bryan J. Orticelli* and *Sheila C. Ramesh*, pro hac vice, for the appellee in SC 20037 and appellant in SC 20038 (plaintiff).

*Opinion*

PER CURIAM. These interlocutory appeals require us to determine the preclusive effect, if any, to give in the present action to the findings and judgment rendered by the Queen's Bench Division of the High Court of Justice of England and Wales (English court) in a prior action (English action) brought by the plaintiff, Deutsche Bank AG, against the named defendant, Sebastian Holdings, Inc. (Sebastian). The English action, tried to the bench in a judicial proceeding lasting forty-five days, resulted in a $243,023,089 judgment, plus interest, against Sebastian in November, 2013. Unable to collect on its English judgment, the plaintiff commenced the present action in Connecticut to enforce the English judgment against Sebastian and the individual defendant, Alexander Vik, who at all relevant times has been the sole shareholder and sole director of Sebastian. In its Connecticut action, the plaintiff seeks to pierce Sebastian's corporate veil and hold Vik personally liable, as Sebastian's alter ego, for his corporation's judgment debt. Each of the parties claims an entitlement in the present case to a preclusive effect that inures to their respective advantage as a result of the final judgment rendered in the English action. The present appeals arise out of the unsuccessful efforts of each of the parties to persuade the trial court that this action must be decided in its respective favor on the basis of the alleged preclusive effect of the English judgment. The Appellate Court agreed with the trial court that none of the parties is entitled to the claimed preclusive effect. *Deutsche Bank AG* v. *Sebastian Holdings, Inc.*, 174 Conn. App. 573, 585–86, 166 A.3d 716 (2017). We affirm the judgment of the Appellate Court.

A brief overview of the facts and proceedings provides sufficient background for present purposes. Sebastian, a corporation organized under the laws of Turks and Caicos Islands, opened a series of trading accounts with the plaintiff between 2006 and 2008. Numerous agreements were entered into between the plaintiff and Sebastian with respect to these accounts, including the "FX" Prime Brokerage Agreement, the "FX" ISDA Master Agreement, the Pledge Agreement dated November 28, 2006, and the "Said Letter of Authority," among others. As the global financial crisis unfolded in the autumn of 2008, one or more of these accounts experienced massive trading losses, and the plaintiff issued margin calls totaling hundreds of millions of dollars. Vik caused payments to be made covering some, but not all, of the required amounts. In early 2009, the plaintiff commenced the English action against Sebastian to recover the balance of its losses allegedly caused by Sebastian's failure to honor its contractual agreements. Sebastian counterclaimed, alleging that the plaintiff had mishandled the accounts to Sebastian's financial detriment. The English action terminated in a judgment awarding the plaintiff

$243,023,089, plus interest, and rejecting all of Sebastian's counterclaims.[1] Sebastian failed to pay any portion of the judgment debt.

The plaintiff commenced the present action on December 13, 2013, to enforce the English judgment against Sebastian and Vik personally.[2] The complaint contains two counts. The first count seeks a judgment declaring that the plaintiff is entitled to "pierce the corporate veil" of Sebastian because Vik is Sebastian's alter ego and, as such, is jointly and severally liable for all sums due under the English action—an amount that now exceeds $325 million. Count two seeks to enforce the English judgment against Vik personally under the Uniform Foreign Money Judgments Recognition Act, as adopted in Connecticut. See General Statutes § 52-604 et seq. The parties filed cross motions for summary judgment based on two very different legal theories about the putative preclusive effect of the English judgment. Sebastian and Vik argued that the doctrine of res judicata barred the present action because the plaintiff could have brought its veil piercing claim against Vik and Sebastian as part of the English action, but failed to do so. The plaintiff's motion for summary judgment was predicated on the doctrine of collateral estoppel. The plaintiff argued that the English court made certain essential factual findings "definitively establish[ing] . . . Vik as [Sebastian's] alter ego," which were entitled to preclusive effect in the present action.

The trial court denied both motions for summary judgment and the Appellate Court affirmed the interlocutory ruling of the trial court.[3] See *Deutsche Bank AG* v. *Sebastian Holdings, Inc.*, supra, 174 Conn. App. 592. The Appellate Court determined that the plaintiff's veil piercing claim was not barred by the doctrine of res judicata because the plaintiff "is not seeking to relitigate a claim of contractual liability that previously was decided in the English judgment" but, rather, "to enforce the unsatisfied English judgment against Vik under a corporate veil piercing theory." Id., 585. The Appellate Court aptly noted that requiring the plaintiff to have pursued its veil piercing claim "in the English action would produce an unjust result, as the plaintiff would have been required to have anticipated that Sebastian would refuse to satisfy the English judgment." Id. As for the alleged collateral estoppel effect of the English court's factual findings regarding Vik's domination and control over Sebastian, the Appellate Court held that those findings "were nonessential" to the English court's judgment because of the predicate finding that the plaintiff had not "breach[ed] any duties it owed to Sebastian . . . ." Id., 589. The Appellate Court also found that the factual findings made by the English court in the postjudgment costs proceeding held pursuant to § 51 of the Senior Courts Act; see footnote 1 of this opinion; were not entitled to preclusive effect because the issues in the present action

are "not identical to those issues that were before the English court" and "§ 51 proceedings do not afford the parties the same procedural safeguards as the parties were afforded when they litigated the underlying merits in the English action or that the parties are afforded in the present case." *Deutsche Bank AG* v. *Sebastian Holdings, Inc.*, supra, 590–91.

We granted the parties' petitions for certification to appeal from the judgment of the Appellate Court to determine whether the plaintiff was entitled to summary judgment on the basis of collateral estoppel or Sebastian and Vik were entitled to summary judgment on the basis of res judicata. See *Deutsche Bank AG* v. *Sebastian Holdings, Inc.*, 327 Conn. 966, 174 A.3d 192 (2017); *Deutsche Bank AG* v. *Sebastian Holdings, Inc.*, 327 Conn. 967, 173 A.3d 954 (2017).

After carefully examining the record on appeal and considering the briefs and arguments of the parties, we have concluded that the judgment of the Appellate Court should be affirmed. The Appellate Court's opinion sufficiently addresses the certified questions, and there is no need for us to repeat the discussion contained therein.[4] We therefore adopt the Appellate Court's opinion as the proper statement of the issues and the applicable law concerning those issues. See, e.g., *Brenmor Properties, LLC* v. *Planning & Zoning Commission*, 326 Conn. 55, 62, 161 A.3d 545 (2017); *Recall Total Information Management, Inc.* v. *Federal Ins. Co.*, 317 Conn. 46, 51, 115 A.3d 458 (2015).

The judgment of the Appellate Court is affirmed.

[1] In a postjudgment proceeding held pursuant to § 51 of the Senior Courts Act, the English court held Vik, who was not a party to the English action, personally liable for the payment of ₤36,204,891 of the plaintiff's litigation costs and expenses. See Senior Courts Act, 1981, c. 54, § 51.

[2] The complaint alleges that Vik resides at a home in Greenwich for a substantial number of months each year and conducts the business operations of Sebastian from that location. The defendants filed a motion to dismiss on the basis of forum non conveniens at an earlier stage of the litigation, which was denied by the trial court on June 4, 2014.

[3] See *Santorso v. Bristol Hospital*, 308 Conn. 338, 346 n.7, 63 A.3d 940 (2013) (interlocutory appeal may be taken from denial of motion for summary judgment based on res judicata or collateral estoppel).

[4] Another case may some day present this court with the opportunity to address more extensively the application of res judicata principles to a case in which a judgment creditor seeks to enforce a money judgment, obtained against a business entity, by piercing the corporate veil to reach the assets of an individual defendant. We do not engage in that undertaking here due to inadequacies in the record.