******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

*Syllabus*

The plaintiff sought to recover damages, including treble damages pursuant
to statute (§ 52-568), for vexatious litigation, alleging that the defendant
had brought an action against him in 2009 without probable cause and
with malicious intent. In a prior action brought in 2013 concerning the
2009 action, the plaintiff had sought to recover damages for vexatious
litigation from the defendant as well as her attorney, C. In May, 2015,
the trial court dismissed the action as to the defendant for lack of
personal jurisdiction. Thereafter, the court granted C's motion to bifur-
cate the trial and have the issue of probable cause decided first by the
trial court. Following a hearing, the court concluded that C had probable
cause to bring the 2009 action and rendered judgment for C in October,
2015, which was affirmed by this court. In May, 2016, the plaintiff com-
menced the present action against the defendant pursuant to the acciden-
tal failure of suit statute (§ 52-592). The defendant filed a motion to
dismiss and/or motion for summary judgment in which she argued that
the present action was time barred and not saved by § 52-592. The trial
court denied the defendant's motion, and the defendant filed an answer
and special defenses asserting, inter alia, that the present action was
barred by the doctrines of res judicata and/or collateral estoppel because
the trial court in 2013 found that there was probable cause for the 2009
action and she was in privity with her attorney, C. The defendant then
moved for summary judgment on the special defense of res judicata
and/or collateral estoppel, which the court denied, concluding that those
doctrines were inapplicable because the 2013 action involved what infor-
mation C possessed when he filed the action and the present action
involved what information the defendant possessed when she pursued
the 2009 action. On appeal to this court, the defendant claimed that the
trial court improperly denied her motions. *Held*:

1. The trial court did not err in denying the defendant's motion for summary
   judgment predicated on the special defense of res judicata and/or collat-
   eral estoppel; the 2013 action involved whether C had probable cause
   to commence the 2009 action on the basis of his knowledge at the time
   whereas the present case concerned whether the defendant had probable
   cause to pursue the 2009 action on the basis of her knowledge at the
   time, and genuine issues of material fact existed as to this issue.

2. This court declined to review the defendant's claim that the trial court
   improperly denied her motion to dismiss predicated on her claim that
   the present action was time barred and not saved by § 52-592; the denial
   of a statute of limitations defense is not a final judgment and, therefore,
   was not reviewable on appeal; moreover, although in some situations
   a statute of limitations claim may be inextricably linked with a res
   judicata and/or collateral estoppel claim and, thus, reviewable, the defen-
   dant's statute of limitations claim in her motion to dismiss was not
   inextricably intertwined with her claims of res judicata and/or collateral
   estoppel in her summary judgment motion.

Argued February 6—officially released March 31, 2020

*Procedural History*

Action to recover damages for vexatious litigation,
and for other relief, brought to the Superior Court in
the judicial district of Ansonia-Milford, where the court,
*Hon. Arthur A. Hiller*, judge trial referee, denied the
defendant's motion to dismiss; thereafter, the court,
*Stevens, J.*, denied the defendant's motion for summary
judgment, and the defendant appealed to this court.

*Affirmed in part; appeal dismissed in part.*

*Donate S. Rockwell*, self-represented, the appellant (defendant).

*James W. Rockwell, Jr.*, self-represented, the appellee (plaintiff).

*Opinion*

MOLL, J. The self-represented defendant, Donate S. Rockwell, appeals following the trial court's denial of her motion for summary judgment against the self-represented plaintiff, James W. Rockwell, Jr.[1] On appeal, the defendant claims that the court improperly denied (1) her motion for summary judgment on her special defense of res judicata and/or collateral estoppel, and (2) her motion, entitled "motion to dismiss and/or motion for summary judgment," in which she asserted that the present action is time barred and cannot be saved pursuant to General Statutes § 52-592,[2] the accidental failure of suit statute. We affirm the judgment denying the defendant's motion for summary judgment based on res judicata and/or collateral estoppel grounds, and we dismiss, for lack of a final judgment, the remaining portion of the appeal taken from the denial of the defendant's "motion to dismiss and/or motion for summary judgment" on the basis of § 52-592.

The following facts, which are undisputed, and procedural history are relevant to our resolution of this appeal. In 2009, the defendant commenced an action against the plaintiff alleging that the plaintiff had breached an agreement, executed by the parties in 1994, concerning a joint investment in certain unspecified securities. See *Rockwell* v. *Rockwell*, Superior Court, judicial district of Ansonia-Milford, Docket No. CV-09-5008114-S (2009 action). The defendant was represented by Attorney Ian A. Cole in the 2009 action. On March 31, 2010, following a jury trial, the jury returned a verdict in favor of the plaintiff, and the trial court, *Radcliffe, J.*, rendered judgment in accordance therewith. The defendant did not appeal from that judgment.

In March, 2013, the plaintiff filed a vexatious litigation action against the defendant and Cole, alleging that they had commenced and prosecuted the 2009 action without probable cause and with malicious intent to unjustly vex and trouble him. See *Rockwell* v. *Rockwell*, Superior Court, judicial district of Ansonia-Milford, Docket No. CV-13-5010935-S (2013 action). As relief, the plaintiff sought compensatory damages and treble damages pursuant to General Statutes § 52-568.[3] A jury trial commenced in May, 2015. On May 12, 2015, the first day of evidence, the trial court, *Stevens, J.*, dismissed the 2013 action as to the defendant for lack of personal jurisdiction.[4] The case continued as to Cole. Thereafter, following a medical emergency suffered by the plaintiff, the court released the jury and, in granting a motion filed by Cole, bifurcated the trial such that, as an initial matter, the court would decide the issue of probable cause. On October 14, 2015, following a hearing, the court rendered judgment in favor of Cole on the basis of its conclusion that Cole had probable cause to commence the 2009 action. The judgment was affirmed on appeal. *Rockwell* v. *Rockwell*, 178 Conn.

App. 373, 400, 175 A.3d 1249 (2017), cert. denied, 328
Conn. 902, 177 A.3d 563 (2018).

In April, 2016, the plaintiff commenced the present
action against the defendant. In his one count com-
plaint, the plaintiff alleges that the defendant com-
menced and prosecuted the 2009 action without proba-
ble cause and with malicious intent to unjustly vex and
trouble him. As relief, he seeks, inter alia, compensatory
damages and treble damages pursuant to § 52-568. Addi-
tionally, the plaintiff asserts in the complaint that, in
accordance with § 52-592, he commenced the present
action within one year following the dismissal of the
2013 action against the defendant.

On May 24, 2016, the defendant filed a motion, enti-
tled "motion to dismiss and/or motion for summary
judgment" (May, 2016 motion), in which she claimed
that the statute of limitations governing the plaintiff's
vexatious litigation claim, set forth in General Statutes
§ 52-577,[5] had expired on March 31, 2013, and § 52-592
did not apply to save the present action. On September
19, 2016, the trial court, *Hon. Arthur A. Hiller*, judge
trial referee, issued an order summarily denying the
May, 2016 motion. Thereafter, the defendant filed an
answer and special defenses asserting, inter alia, that
the present action is barred under the doctrines of res
judicata and/or collateral estoppel.[6] The plaintiff, in
turn, denied the defendant's special defenses.

On March 8, 2018, the defendant filed a motion for
summary judgment on her special defense of res judi-
cata and/or collateral estoppel, to which the plaintiff
filed an objection on May 10, 2018. On September 20,
2018, the court, *Stevens, J.*, issued a memorandum of
decision denying the defendant's motion for summary
judgment and sustaining the plaintiff's objection
thereto. This appeal followed. Additional facts will be
set forth as necessary.

I

The defendant first claims that the trial court improp-
erly denied her motion for summary judgment predi-
cated on her special defense asserting that the present
action is barred pursuant to the doctrines of res judicata
and/or collateral estoppel.[7] We disagree.

We begin by setting forth the standard of review and
legal principles governing our resolution of this claim.
"Practice Book § 17-49 provides that summary judg-
ment shall be rendered forthwith if the pleadings, affida-
vits and any other proof submitted show that there is
no genuine issue as to any material fact and that the
moving party is entitled to judgment as a matter of law.
In deciding a motion for summary judgment, the trial
court must view the evidence in the light most favorable
to the nonmoving party. . . . The party moving for
summary judgment has the burden of showing . . .
that the party is . . . entitled to judgment as a matter

of law. . . . Our review of the trial court's decision to grant the defendant's motion for summary judgment is plenary. . . . In addition, the applicability of res judicata or collateral estoppel presents a question of law over which we employ plenary review." (Internal quotation marks omitted.) *Pollansky* v. *Pollansky*, 162 Conn. App. 635, 644–45, 133 A.3d 167 (2016).

"Generally, for res judicata to apply, four elements must be met: (1) the judgment must have been rendered on the merits by a court of competent jurisdiction; (2) the parties to the prior and subsequent actions must be the same or in privity; (3) there must have been an adequate opportunity to litigate the matter fully; and (4) the same underlying claim must be at issue." (Internal quotation marks omitted.) *Smith* v. *BL Cos.*, 185 Conn. App. 656, 664, 198 A.3d 150 (2018). "Before collateral estoppel applies . . . there must be an identity of issues between the prior and subsequent proceedings. To invoke collateral estoppel the issues sought to be litigated in the new proceeding must be identical to those considered in the prior proceeding." (Internal quotation marks omitted.) *Barry* v. *Board of Education*, 132 Conn. App. 668, 675, 33 A.3d 291 (2011).

In the present action, as he had in the 2013 action, the plaintiff is raising a claim sounding in vexatious litigation. "In Connecticut, the cause of action for vexatious litigation exists both at common law and pursuant to statute. Both the common law and statutory causes of action [require] proof that a civil action has been prosecuted . . . . Additionally, to establish a claim for vexatious litigation at common law, one must prove want of probable cause, malice and a termination of suit in the plaintiff's favor. . . . The statutory cause of action for vexatious litigation exists under § 52-568, and differs from a common-law action only in that a finding of malice is not an essential element, but will serve as a basis for higher damages. . . . In the context of a claim for vexatious litigation, the defendant lacks probable cause if he [or she] lacks a reasonable, good faith belief in the facts alleged and the validity of the claim asserted." (Citations omitted; footnote omitted; internal quotation marks omitted.) *Bernhard-Thomas Building Systems, LLC* v. *Dunican*, 286 Conn. 548, 554, 944 A.2d 329 (2008).

In moving for summary judgment on her special defense of res judicata and/or collateral estoppel, the defendant asserted that the trial court in the 2013 action concluded, and this court agreed on appeal, that probable cause existed to commence the 2009 action against the plaintiff. The defendant further contended that, although the 2013 action was dismissed as to her for lack of personal jurisdiction, there was privity between her and Cole such that the judgment in Cole's favor in the 2013 action barred the plaintiff from pursuing an identical vexatious litigation claim against her in the

present action. In opposition to the motion for summary judgment, the plaintiff argued that (1) the issue litigated in the 2013 action was whether *Cole* had probable cause to commence the 2009 action, whereas the distinct issue to be litigated in the present action is whether *the defendant* had probable cause to file the 2009 action, and (2) there is no authority in Connecticut supporting the defendant's contention that a client and his or her lawyer are always in privity for vexatious litigation purposes.

In denying the defendant's motion for summary judgment, the trial court concluded that the doctrines of res judicata and/or collateral estoppel were inapplicable because "the present case presents matters not litigated in the 2013 action . . . ." Specifically, the court determined: "The decisions of this court and the Appellate Court in the 2013 action describe in detail what information *Cole* possessed when he filed the 2009 action against the plaintiff. . . . In contrast, in the trial of the present action, the focus will be on what *the defendant* knew, or should have known, when the 2009 action was commenced. According to the plaintiff, what the defendant knew differed from what Cole knew, because the defendant was not forthright with Cole. . . . The defendant denies the plaintiff's claim that she intentionally or maliciously gave Cole wrong information. This factual dispute cannot be resolved by this court through a motion for summary judgment."[8] (Citations omitted; emphasis in original.)

We reject the defendant's contention that the court erred in denying her motion for summary judgment. As the court correctly determined, the crux of the 2013 action was whether *Cole* had probable cause to commence the 2009 action on the basis of the knowledge that he had at that time. In contrast, the present case concerns whether *the defendant* had probable cause to commence the 2009 action predicated on the knowledge that she possessed at that time. There are genuine issues of material fact to be resolved in order to determine whether the defendant had probable cause to pursue the 2009 action. Accordingly, the defendant's claim fails.

II

The defendant next claims that the trial court improperly denied her May, 2016 motion predicated on her assertion that the present action is time barred and cannot be saved pursuant to § 52-592. We decline to address the merits of this claim because we conclude that the denial of the May, 2016 motion is not a final judgment.

"The lack of a final judgment implicates the subject matter jurisdiction of an appellate court to hear an appeal. A determination regarding . . . subject matter jurisdiction is a question of law . . . [and, therefore] our review is plenary." (Internal quotation marks omit-

ted.) *Glastonbury* v. *Sakon*, 172 Conn. App. 646, 651, 161 A.3d 657 (2017).

As we observed earlier in this opinion, the denial of the defendant's motion for summary judgment on her special defense of res judicata and/or collateral estoppel is a final judgment for purposes of this appeal. See footnote 7 of this opinion. The denial of the defendant's May, 2016 motion predicated on her statute of limitations claim, however, does not constitute a final judgment. See *Santorso* v. *Bristol Hospital*, 308 Conn. 338, 354 n.9, 63 A.3d 940 (2013) ("the denial of a statute of limitations defense is not itself an appealable final judgment"). We recognize that "[i]n some circumstances, the factual and legal issues raised by a legal argument, the appealability of which is doubtful, may be so inextricably intertwined with another argument, the appealability of which is established that we should assume jurisdiction over both." (Internal quotation marks omitted.) *Aqleh* v. *Cadlerock Joint Venture II, L.P.*, 299 Conn. 84, 90, 10 A.3d 498 (2010). In some situations, a statute of limitations claim may be inextricably intertwined with a res judicata and/or collateral estoppel claim. See, e.g., *Santorso* v. *Bristol Hospital*, supra, 354 n.9 (concluding that interlocutory review of claim that action was barred by statute of limitations and statute of repose, and not saved by § 52-592, was permissible because it was inextricably intertwined with res judicata claim).[9] On the basis of the record before us in the present action, in which the defendant raised her statute of limitations claim and her res judicata and/or collateral estoppel claim in wholly separate motions, and where we cannot discern any meaningful connection between those claims, we conclude that the denial of the May, 2016 motion is not inextricably intertwined with the denial of the motion for summary judgment. Accordingly, we lack subject matter jurisdiction to entertain the portion of the appeal challenging the denial of the May, 2016 motion.[10]

The judgment denying the defendant's motion for summary judgment based on res judicata and/or collateral estoppel is affirmed; the appeal is dismissed with respect to the denial of the defendant's May 24, 2016, "motion to dismiss and/or motion for summary judgment" for lack of a final judgment.

In this opinion the other judges concurred.

[1] This appeal constitutes the latest dispute in the unfortunate and tortuous history between the parties, who are former spouses.

[2] General Statutes § 52-592 (a) provides: "If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form; or if, in any such action after a verdict for the plaintiff, the judgment has been set aside, or if a judgment of nonsuit has been rendered or a judgment for the plaintiff reversed, the plaintiff, or, if the plaintiff is dead and the action by law survives, his executor or administrator, may commence a new action, except as provided in subsection (b)

of this section, for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment."

[3] General Statutes § 52-568 provides: "Any person who commences and prosecutes any civil action or complaint against another, in his own name or the name of others, or asserts a defense to any civil action or complaint commenced and prosecuted by another (1) without probable cause, shall pay such other person double damages, or (2) without probable cause, and with a malicious intent unjustly to vex and trouble such other person, shall pay him treble damages."

[4] On May 13, 2013, the defendant filed a motion to dismiss the 2013 action as to her for lack of personal jurisdiction on the ground that the plaintiff had not served her at the proper address. The plaintiff filed an objection thereto, which the court, *Markle, J.*, sustained on March 3, 2014. On May 12, 2015, the court, *Stevens, J.*, upon reconsideration, granted the defendant's motion to dismiss.

[5] General Statutes § 52-577 provides: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."

[6] The defendant also asserted as a special defense that the present action is time barred. Subsequently, the defendant amended her special defenses to plead a third special defense asserting advice of counsel. The defendant's special defense asserting res judicata and/or collateral estoppel is the only defense pertinent to this appeal.

[7] The denial of the defendant's motion for summary judgment on her special defense of res judicata and/or collateral estoppel is a final judgment for purposes of this appeal. See *Deutsche Bank AG* v. *Sebastian Holdings, Inc.*, 174 Conn. App. 573, 578 n.4, 166 A.3d 716 (2017) ("[O]rdinarily, the denial of a motion for summary judgment is not an appealable final judgment. . . . When the decision on a motion for summary judgment, however, is based on the doctrine of collateral estoppel, the denial of that motion does constitute a final judgment for purposes of appeal. . . . That precept applies to the doctrine of res judicata with equal force." (Internal quotation marks omitted.)), aff'd, 331 Conn. 379, 204 A.3d 664 (2019).

[8] The court did not reach the defendant's claim regarding her privity with Cole.

[9] In her appellate brief, the defendant cites *Santorso* for the proposition that the denial of her May, 2016 motion is inextricably intertwined with the denial of her motion for summary judgment. We do not construe *Santorso* as establishing that a statute of limitations claim, in every instance, is inextricably intertwined with a res judicata and/or collateral estoppel claim.

[10] We emphasize that nothing in this opinion should be considered as a ruling on the merits of the plaintiff's claim or the defendant's special defenses.

---