******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

DANIEL HENDERSON *v.* VICKI LAGOUDIS ET AL.
(AC 35201)
(AC 35270)

Lavine, Alvord and Schaller, Js.

*Argued November 19, 2013—officially released February 25, 2014*

(Appeal from Superior Court, judicial district of New Haven, Young, J. [prejudgment remedy application]; B. Fischer, J. [summary judgment].)

*Daniel Henderson*, self-represented, the appellant (plaintiff).

*Steven C. Rickman*, for the appellees (defendants).

*Opinion*

ALVORD, J. In this consolidated appeal, the self-represented plaintiff, Daniel Henderson, appeals from (1) the trial court's rendering of summary judgment in favor of the defendants, Vicki Lagoudis, Michael Lagoudis and RJG Realty of Meriden, LLC (AC 35270), and (2) the trial court's dismissal of his application for a prejudgment remedy (AC 35201). The court, *B. Fischer, J.*, granted the defendants' motion for summary judgment on the ground that the plaintiff did not have standing to bring the action. The court, *Young, J.*, dismissed the plaintiff's application for a prejudgment remedy as a sanction after finding that he "wilfully and with specific intent, attempted to tamper with a witness by intimidation and threat of legal proceedings."

On appeal, the plaintiff claims that Judge Fischer improperly granted the defendants' motion for summary judgment because (1) he was collaterally estopped from determining that the plaintiff lacked standing to bring the action because of a prior ruling by the court, *A. Robinson, J.*, on the defendants' motion to dismiss, and (2) he failed to afford the plaintiff an evidentiary hearing at the time of the scheduled argument on the defendants' motion for summary judgment. The plaintiff additionally claims that Judge Young improperly dismissed his application for a prejudgment remedy because his "order was erroneous." Although we conclude that the plaintiff's claims are without merit, Judge Fischer should have dismissed the plaintiff's action instead of rendering summary judgment when he concluded that the plaintiff lacked standing. For that reason, in AC 35270, we reverse the summary judgment and remand the case with direction to render judgment dismissing the action for lack of subject matter jurisdiction. Because of this determination, the plaintiff's appeal in AC 35201, with respect to the dismissal of his application for a prejudgment remedy, is moot.

The record reveals the following facts and procedural history. The plaintiff commenced the present action on January 3, 2012. It was his fifth action against these defendants for, inter alia, their alleged trespass onto adjoining property in Meriden (subject property) in January, 2010. The first action was brought by GMC Land Holdings, Inc. (corporation), claiming to be the owner of the subject property allegedly damaged by the defendants. The plaintiff, who is not a member of the bar, filed an appearance "pro se" on behalf of the corporation, resulting in the trial court's sua sponte dismissal of the action.[1] The subsequent actions were brought by the self-represented plaintiff in his name, wherein he claimed to be the owner of the subject property. All of the prior actions have either been withdrawn or dismissed. On September 30, 2011, the fourth action was dismissed by Judge Robinson because she determined that the plaintiff failed to establish that he owned

the property "with credible evidence" and therefore lacked standing.

Shortly after the plaintiff commenced the present fifth action, the defendants filed a motion to dismiss his complaint and his application for a prejudgment remedy on the grounds that he lacked standing and was collaterally estopped from claiming that he did have standing by Judge Robinson's dismissal of the fourth action. After an evidentiary hearing, Judge Robinson denied the defendants' motion to dismiss.[2] One month later Judge Robinson held a status conference on the record to discuss scheduling and discovery requests. At one point during the conference, the plaintiff stated that Judge Robinson already had determined that he owned the subject property and had standing to pursue the action. Judge Robinson responded: "I do want to clarify one thing. On the motion to dismiss, all I found [was] that you presented enough evidence to support your allegation that you do have standing, because in a motion to dismiss I am required to look at the—the facts most favorable to having jurisdiction . . . so that's what I did." Later during that status conference, the defendants' counsel stated: "[T]o add, to the court as much for [the plaintiff], if we cannot agree to . . . a nonjury trial in a quick way, then this issue of his standing is still out there, and I can move for summary judgment." Judge Robinson responded: "Yeah. Absolutely." The plaintiff responded: "And I'm prepared to defend a summary judgment action."

The defendants filed a motion for summary judgment on October 3, 2012. Claiming that the plaintiff did not own the subject property and therefore lacked standing, the defendants filed a memorandum of law, affidavit by the defendants' counsel, and various documents as exhibits to the affidavit. The plaintiff filed an affidavit and a memorandum of law in opposition to the motion, primarily claiming that Judge Robinson's denial of the defendants' motion to dismiss collaterally estopped the defendants from raising the issue of standing in a summary judgment motion.

Prior to the hearing on the defendants' motion for summary judgment, Judge Young held a hearing on the plaintiff's application for a prejudgment remedy. Immediately after the parties introduced themselves for the record, Judge Young stated that he wanted to question the plaintiff about a letter that the plaintiff had sent the zoning enforcement officer of the town of Meriden.[3] Judge Young read the plaintiff his *Miranda*[4] rights, and asked the plaintiff whether he understood those rights and if he wanted to consult with an attorney. The plaintiff responded that he did understand his rights and that he did not wish to consult with an attorney. Judge Young then proceeded to question the plaintiff under oath as to his purpose for sending the letter, which was titled as a notice of intent to sue.[5] At

the conclusion of the plaintiff's testimony, Judge Young found that the plaintiff attempted to tamper with a witness and dismissed his application for a prejudgment remedy with prejudice.[6] The plaintiff appealed from the dismissal of his prejudgment remedy application on November 19, 2012.

On November 26, 2012, Judge Fischer held a hearing on the defendants' motion for summary judgment. At the beginning of the hearing, the plaintiff asked that the matter be passed because his witness had not yet arrived at the courthouse. Judge Fischer responded: "Well, this is a motion for summary judgment. There [are] no witnesses that I'm going to hear; this is not an evidentiary hearing. . . . And I'll make a decision based on the paperwork filed, but I'm not going to have an evidentiary hearing." He further noted that he had reviewed all of the paperwork filed in the matter.

Following the argument of the defendants' counsel in support of the motion, the plaintiff responded that the defendants should be collaterally estopped from raising the standing issue because it was their "second pretrial motion asked in this court to stop me from relitigating a question of jurisdiction, a jurisdictional question that was conclusively decided on May 18th by Judge Robinson." The plaintiff argued: "I should be able to put my witness on the stand to clarify exactly what was said because [the defendants are] cherry-picking what [the witness] said out of different parts;[7] it's like taking the Bible and trying to prove your point by trying to take a few verses out, and—it's—and my position it's the defendants who are collaterally estopped from relitigating the same exact issue in a second pretrial motion that was fully and fairly litigated on March 19th, Your Honor."

Judge Fischer granted the defendants' motion for summary judgment later that day. His written order stated: "Court has reviewed all paperwork submitted in support of this motion and in opposition to this motion. Court has considered arguments of the parties at short calendar on November 26, 2012. Motion is granted as the plaintiff did not have standing. The plaintiff did not own or exclusively possess the property he alleges the defendants trespassed on in 2009." The plaintiff appealed from the granting of the defendants' motion for summary judgment on December 11, 2012.

I

The plaintiff's first claim is that Judge Fischer was collaterally estopped from determining that the plaintiff lacked standing to bring this action against the defendants on the basis of Judge Robinson's prior ruling in this matter on the defendants' motion to dismiss. The plaintiff argues that the issue of his standing was "fully and fairly litigated" in the earlier pretrial motion, thereby precluding the defendants from arguing the

standing issue in their motion for summary judgment, which was the defendants' second pretrial motion challenging the court's jurisdiction.

The fundamental principles underlying the doctrines of res judicata and collateral estoppel are well established. "[T]he issue of whether principles of res judicata and collateral estoppel are applicable to a particular set of facts is a question of law over which an appellate court's review is plenary." *Ammirata* v. *Zoning Board of Appeals*, 264 Conn. 737, 744–45, 826 A.2d 170 (2003). "The common-law doctrine of collateral estoppel, or issue preclusion, embodies a judicial policy in favor of judicial economy, the stability of former judgments and finality. . . . Collateral estoppel, or issue preclusion, is that aspect of res judicata which prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a *prior action* between the same parties upon a different claim. . . . For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment." (Citations omitted; emphasis altered; internal quotation marks omitted.) *Lafayette* v. *General Dynamics Corp.*, 255 Conn. 762, 772, 770 A.2d 1 (2001).

The plaintiff is confusing the collateral estoppel doctrine with the law of the case doctrine. Here, Judge Robinson's prior ruling on the motion to dismiss was a ruling in the same case, not a ruling in a *prior action* between the parties. Thus, the collateral estoppel doctrine is not applicable. Even if we analyze the plaintiff's claim under the law of the case doctrine, however, his argument is without merit.

The law of the case doctrine provides that "[w]here a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance." (Internal quotation marks omitted.) *Wasko* v. *Manella*, 87 Conn. App. 390, 395, 865 A.2d 1223 (2005). "A judge is not bound to follow the decisions of another judge made at an earlier stage of the proceedings, and if the same point is again raised he has the same right to reconsider the question as if he had himself made the original decision. . . . [O]ne judge may, in a proper case, vacate, modify, or depart from an interlocutory order or ruling of another judge in the *same case*, upon a question of law." (Emphasis added; internal quotation marks omitted.) *Wagner* v. *Clark Equipment Co.*, 259 Conn. 114, 130–31, 788 A.2d 83 (2002).

Judge Robinson's ruling on the motion to dismiss was an interlocutory ruling. Her determination that the plaintiff had introduced sufficient evidence at the March 19, 2012 evidentiary hearing to survive the defendants'

motion to dismiss, however, was not the law of the case when the standing issue again was raised at a subsequent hearing on the defendants' motion for summary judgment. A trial court applies different principles and a different analysis when ruling on a motion to dismiss as opposed to a motion for summary judgment.

The case of *Manifold* v. *Ragaglia*, 94 Conn. App. 103, 891 A.2d 106 (2006), illustrates this point. In *Manifold*, the defendants filed a motion to dismiss the complaint for lack of subject matter jurisdiction, which was denied by the court. Id., 110. Subsequently, the defendants filed a motion for summary judgment on the same ground, with which they submitted affidavits, deposition transcripts and other documentary evidence. Id., 111. The trial court, stating that it was treating the motion for summary judgment as a motion to dismiss, denied the subsequent motion, and the defendants filed an appeal from that determination.[8] Id. This court held that the trial court improperly applied the standard for a motion to dismiss, rather than the standard for summary judgment, to the defendants' claim that the court lacked subject matter jurisdiction. Id., 113, 123.

In reaching that determination, the court in *Manifold* reasoned: "Whereas a motion to dismiss is decided only on the allegations in the complaint and the facts implied from those allegations, summary judgment is decided by looking at *all* of the pleadings, affidavits and documentary evidence presented to the court in support of the motion. The latter standard, therefore, takes account of the facts that have been developed through discovery, rather than merely relying on the plaintiffs' allegations at the outset of the action. Once litigation has advanced through discovery, the requirement that a court rigidly apply the standard for a motion to dismiss to issues regarding subject matter jurisdiction, even if the issue is presented through a motion for summary judgment, seems to us too narrow an interpretation of the rules of practice. . . . The better approach, we conclude, is for the trial court to treat the motion as a motion for summary judgment, as it was presented, and to evaluate the issue of subject matter jurisdiction on the basis of a thorough review of the pleadings, affidavits and any other documentary proof submitted by the parties.

"Our resolution of that issue is also influenced by the well settled principle that subject matter jurisdiction can be raised at any time. . . . The possibility that the court's subject matter jurisdiction may be challenged at each stage of litigation militates against requiring litigants to use the motion to dismiss at all times to bring the issue to the court's attention. If the motion to dismiss was the *only* procedural vehicle by which subject matter jurisdiction could be contested, courts may not consider evidence produced through discovery that is relevant to the determination. Further, the impor-

tance of resolving any jurisdictional defects as early as possible in the litigation, so as not to waste judicial resources or the resources of the parties involved, favors the use of summary judgment as an additional procedural vehicle by which to challenge subject matter jurisdiction. Doing so enable the court to undertake a more complete evaluation of whether subject matter jurisdiction exists before proceeding to trial." (Citations omitted; emphasis in original.) Id., 120–21.

From the forgoing discussion, we conclude that the doctrine of collateral estoppel is not applicable to Judge Robinson's prior interlocutory ruling on the defendants' motion to dismiss and that the law of the case doctrine likewise is not applicable under the circumstances of this case. Judge Fischer properly addressed the defendants' claim that the plaintiff's lack of standing deprived the court of subject matter jurisdiction,[9] as raised in the defendants' motion for summary judgment.

## II

The plaintiff's next claim is that Judge Fischer improperly denied his request for an evidentiary hearing at the time of the argument on the defendants' motion for summary judgment. He argues that he "was denied due process when the trial court . . . denied him an evidentiary hearing."

"Due process does not mandate full evidentiary hearings on all matters, and not all situations calling for procedural safeguards call for the same kind of procedure. . . . So long as the procedure afforded adequately protects the individual interests at stake, there is no reason to impose substantially greater burdens . . . under the guise of due process." (Internal quotation marks omitted.) *Countrywide Home Loans Servicing, LP* v. *Creed*, 145 Conn. App. 38, 50, 75 A.3d 38, cert. denied, 310 Conn. 936, 79 A.3d 889 (2013). "Due process . . . is not a technical conception with a fixed content unrelated to time, place and circumstances." (Internal quotation marks omitted.) *Commissioner of Environmental Protection* v. *Farricielli*, 307 Conn. 787, 820, 59 A.3d 789 (2013).

The defendants first challenged the plaintiff's ownership of the subject property, and hence his standing to bring the action, by way of a motion to dismiss. An evidentiary hearing was held at that time, and the plaintiff had the opportunity to present whatever evidence he had in support of his claim that he owned the subject property. Sometime later, after discovery requests had been served, the defendants again challenged the plaintiff's standing to bring the action by way of a motion for summary judgment. Pursuant to Practice Book § 17-45, "[a] motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written

admissions and the like. . . . Any adverse party shall at least five days before the date the motion is to be considered on the short calendar file opposing affidavits and other available documentary evidence." Practice Book § 17-49 provides: "The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

The only affidavit submitted in opposition to the defendants' motion for summary judgment was the plaintiff's affidavit. The only documentary evidence submitted by the plaintiff consisted of pictures of the subject property to show the alleged damage caused by the defendants' actions. The plaintiff did not submit an affidavit by the witness he planned to have testify at the requested evidentiary hearing. Moreover, he did not indicate to Judge Fischer that his proposed witness had any information other than the evidence that already had been presented to Judge Robinson at the evidentiary hearing on the defendants' previous motion to dismiss. Judge Fischer expressly stated that he had considered all of the paperwork submitted in support of and in opposition to the motion and that he had considered the arguments of the parties. Under the circumstances of this case, Judge Fischer did not improperly refuse to grant the plaintiff's request for a second evidentiary hearing on the issue of his ownership of the subject property.

### III

The plaintiff's final claim is that Judge Young improperly dismissed his application for a prejudgment remedy. Because we have concluded that the plaintiff's challenges to Judge Fischer's determinations relating to the summary judgment are without merit, we do not need to reach this issue. We are remanding this matter to the trial court with direction to dismiss the action for lack of subject matter jurisdiction. In light of this result, any analysis as to whether Judge Young improperly dismissed the plaintiff's application for a prejudgment remedy—seeking to secure the defendants' assets in the event he should prevail in the action—would be academic. "[I]t is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow." (Internal quotation marks omitted.) *G Power Investments, LLC* v. *GTherm, Inc.*, 141 Conn. App. 551, 557, 61 A.3d 592 (2013).

In AC 35270, the form of the judgment is improper, the summary judgment is reversed and the case is remanded with direction to render judgment dismissing the action for lack of subject matter jurisdiction. In AC 35201, the appeal is dismissed as moot.

In this opinion the other judges concurred.

[1] A nonattorney does not have authority to represent a corporation. See

*Expressway Associates II* v. *Friendly Ice Cream Corp. of Connecticut*, 34 Conn. App. 543, 546–47, 642 A.2d 62, cert. denied, 230 Conn. 915, 645 A.2d 1018 (1994).

[2] Judge Robinson's order provided: "Notwithstanding the defendants' claim that the [plaintiff] has been previously adjudged to lack standing, this court denies the motion for the following reasons. First, though the plaintiff has previously been found to lack standing, those findings do not form a proper basis to dismiss this action. If the defendant[s] wish to plead, as a special defense, collateral estoppel or res judicata, [they] may do so. Second, the court must consider the evidence presented by the plaintiff in this action. That evidence, albeit, only recently produced, supports the plaintiff's claim that he is the legal owner of the property at issue. As such, this court concludes that he has standing to proceed and the motion to dismiss must be denied."

[3] A copy of the letter had been submitted as an attachment to a motion for continuance filed in court by the defendants.

[4] See *Miranda* v. *Arizona*, 384 U.S. 436, 478–79, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

[5] The letter, marked as a court exhibit, stated: "Be advised, it has come to my attention that you will testify for Lagoudis on 9-28-12 at New Haven Court in the matter of *Henderson* v. *Lagoudis*, CV125034082, and that your testimony may include, that it's your belief that Lagoudis did not exceed the 'excavation area' that is identified on the map that Lagoudis presented to you/city of Meriden for permission to excavate, and that you did not order work stopped at the site.

"Be advised, if this is your testimony, creates a cause of action against you/city of Meriden that I will pursue by moving to cite you/city in as party defendants and/or file separate action.

"Thank you for your time. I look forward to seeing you on the 28th."

[6] Judge Young's order stated: "This matter was scheduled for a hearing on the plaintiff's application for prejudgment remedy. Prior to that hearing, the court conducted a preliminary hearing concerning a letter written by the plaintiff to a witness scheduled to testify. The court conducted an evidentiary hearing and finds that the plaintiff, wilfully and with specific intent, attempted to tamper with a witness by intimidation and threat of legal proceedings. The court finds the plaintiff not credible in his assertion that he believed he had an obligation to put the city on notice pursuant to General Statutes § 7-465 for a perceived prospective claim which had not yet ripened. The court finds the plaintiff attempted to control and chill the testimony of a witness, to prevent testimony and/or to induce false testimony in this matter. As a sanction, the court dismisses the plaintiff's application for prejudgment remedy with prejudice and further orders that the plaintiff be precluded from filing any further prejudgment remedy applications in this or any other action concerning the subject properties."

[7] This is the only time that the plaintiff indicated to Judge Fischer what his witness' testimony would be if his request for an evidentiary hearing had been granted.

[8] This court determined that the trial court's denial of the defendants' motion for summary judgment, which asserted that they were protected by sovereign immunity, was an immediately appealable final judgment. *Manifold* v. *Ragaglia*, supra, 94 Conn. App. 112.

[9] "It is well established that [a] party must have standing to assert a claim in order for the court to have subject matter jurisdiction over the claim." (Internal quotation marks omitted.) *Countrywide Home Loans Servicing, LP* v. *Creed*, 145 Conn. App. 38, 50, 75 A.3d 38, cert. denied, 310 Conn. 936, 79 A.3d 889 (2013).