******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# SALLY KELLOGG *v.* MIDDLESEX MUTUAL ASSURANCE COMPANY
## (AC 43421)

Moll, Alexander and Flynn, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendant insurance company for breach of contract, a violation of the Connecticut Unfair Trade Practices Act (CUTPA) (§ 42-110a et seq.) arising from a violation of the Connecticut Unfair Insurance Practices Act (CUIPA) (§ 38a-815 et seq.), and promissory estoppel, in connection with a restorationist insurance policy issued by the defendant. The plaintiff, the owner of a historic property, had filed a claim pursuant to that policy for loss to her property resulting from a tree falling on her home during a storm. In a prior action, the plaintiff sought to vacate an arbitration award setting the amount of the insured loss to her property. The trial court in that action, *Tierney, J.*, granted the plaintiff's application to vacate the arbitration award on the basis that it violated the applicable statute (§ 52-418). In the defendant's appeal from that judgment, *Kellogg* v. *Middlesex Mutual Assurance Co.* (326 Conn. 638), our Supreme Court reversed Judge Tierney's decision and remanded the case with direction to render judgment denying the plaintiff's application to vacate the arbitration award, concluding, inter alia, that Judge Tierney had improperly substituted his judgment for that of the appraisal panel that had decided the amount of the loss. In the present action, commenced during the pendency of the appeal from Judge Tierney's decision, the defendant filed a motion to dismiss the plaintiff's amended complaint, claiming that, in light of the pending appeal, this action was not ripe or, alternatively, was barred pursuant to the prior pending action doctrine. The trial court, *Heller, J.*, denied the defendant's motion to dismiss. The defendant filed a motion for summary judgment on the plaintiff's second revised and amended complaint, in which it argued that the breach of contract claim was barred pursuant to the doctrine of res judicata and the suit limitation provision of the restorationist policy, the CUTPA/CUIPA claim was time barred and failed as a matter of law, and the promissory estoppel claim was barred pursuant to the suit limitation provision of the policy and failed as a matter of law. The trial court, *Hernandez, J.*, denied the defendant's motion for summary judgment, relying entirely on Judge Tierney's findings in his decision granting the plaintiff's application to vacate the arbitration award in the prior proceeding, even though that decision already had been reversed by our Supreme Court, and on Judge Heller's denial of the defendant's motion to dismiss, pursuant to the law of the case doctrine. On the defendant's appeal to this court, *held*:

1. Contrary to the plaintiff's claim, this court had subject matter jurisdiction to consider the denial of the defendant's motion for summary judgment in its entirety as an appealable final judgment: the trial court relied on the same rationale in rejecting all of the defendant's claims raised in its motion for summary judgment, and, consequently, all of the defendant's claims were inextricably intertwined.

2. The trial court erred in denying the defendant's motion for summary judgment, as that court improperly relied on Judge Tierney's findings and Judge Heller's ruling: the law of the case doctrine did not apply to Judge Tierney's findings, as they were made in a decision issued in a separate matter concerning the plaintiff's application to vacate the arbitration award, and, even if the law of the case doctrine were applicable, Judge Tierney's findings became a nullity in light of our Supreme Court's reversal of Judge Tierney's decision in *Kellogg* v. *Middlesex Mutual Assurance Co.*; moreover, the court's reliance on Judge Heller's denial of the defendant's motion to dismiss was improper because the motion to dismiss and the motion for summary judgment concerned wholly separate claims and involved different legal standards; furthermore, under the circumstances of this case, the appropriate remedy was for this court to remand the case for further proceedings and to provide the defendant with another opportunity to pursue its motion

for summary judgment, rather than for this court to delve into the merits of the defendant's claims.

Argued September 20, 2021—officially released March 22, 2022

*Procedural History*

Action to recover damages for, inter alia, breach of contract, and for other relief, brought to the Superior Court in the judicial district of Stamford-Norwalk, where the trial court, *Hernandez, J.*, denied the defendant's motion for summary judgment on the plaintiff's second revised and amended complaint, and the defendant appealed to this court. *Reversed*; *further proceedings*.

*Kathleen F. Adams*, with whom, on the brief, was *Peter J. Ponziani*, for the appellant (defendant).

*Frank W. Murphy*, for the appellee (plaintiff).

*Opinion*

MOLL, J. The defendant, Middlesex Mutual Assurance Company, appeals from the judgment of the trial court denying its motion for summary judgment on the second revised and amended complaint filed by the plaintiff, Sally Kellogg, in which she raised claims of breach of contract, a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., arising from a violation of the Connecticut Unfair Insurance Practices Act (CUIPA), General Statutes § 38a-815 et seq., and promissory estoppel. On appeal, the defendant claims that the court improperly denied its motion for summary judgment because (1) the breach of contract claim was barred pursuant to (a) the doctrine of res judicata and (b) the suit limitation provision of a "restorationist" property insurance policy issued by the defendant, (2) the CUTPA/CUIPA claim (a) was barred pursuant to General Statutes § 42-110g (f), the applicable statute of limitations, and (b) failed as a matter of law, and (3) the promissory estoppel claim (a) was barred pursuant to the suit limitation provision of the policy and (b) failed as a matter of law. We reverse the judgment of the trial court.

The following facts, as set forth by our Supreme Court in a prior decision addressing a separate matter involving the parties, and procedural history are relevant to our resolution of this appeal. "The plaintiff . . . is the owner of a historic property in the city of Norwalk (property). She insured the property through a '[r]estorationist' policy issued by the defendant . . . . This restorationist policy was different from a typical homeowners policy in that it had no monetary policy limit, and it covered the replacement or restoration cost of the property without deduction for depreciation. Under the policy, payment of the full restoration cost would not be immediate, but would be made in two parts, with depreciation initially withheld. The policy required the defendant to first pay the actual cash value of the loss. Once the restoration or replacement was complete, the policy required the defendant to pay the amount 'actually spent to repair, restore or replace the damaged building.' This two step process is typical in replacement cost policies, intended to address concerns that a homeowner might accept the full restoration cost but not actually restore the property, thus receiving a windfall.

"While the restorationist policy was in effect [in 2010], the property suffered a casualty loss when a four and one-half ton tree fell onto the roof and chimney during a storm, damaging the interior, exterior, and foundation of the home. Shortly after the incident, the plaintiff filed a claim on her restorationist policy. Because the plaintiff's and the defendant's adjusters were unable to agree on the amount of the loss, the plaintiff invoked the policy's appraisal provision.[1] That

provision required the loss amount to be determined through an unrestricted arbitration proceeding, meaning that the arbitrators are empowered to decide issues of law and fact, and the award is not conditioned on judicial review. . . .

"To establish the appraisal panel, the plaintiff and the defendant, pursuant to the restorationist policy, each appointed one appraiser to serve as an arbitrator, and these two appraisers chose a neutral third arbitrator to act as an umpire. The appraisers each independently set the loss and submitted their valuations to the umpire. The plaintiff's appraiser claimed the damage was in excess of $1.6 million, but the defendant's appraiser believed the property could be restored for approximately $476,000. The appraisers fundamentally disagreed on two issues: the extent of damage caused by the tree, and the cost to repair the covered damage. The defendant's appraiser believed not all of the claimed damage was related to the incident and that much of the damage that was related could be fixed for less than the plaintiff's appraiser had claimed. The umpire evaluated the differences between the two appraisers' submissions and set the loss, which was an amount between the two submissions. Before setting the loss, the umpire visited the property seven times to evaluate the damage to the building and its contents. The umpire also reviewed and considered more than 300 pages of the plaintiff's submissions. He conducted hearings with multiple witnesses, including two asbestos abatement experts and a property damage expert. He also reviewed written submissions from other experts and consultants, all of which he considered when determining the award. On certain items, the umpire agreed with the valuations of the plaintiff's appraiser, and on other items he agreed with the defendant's appraiser. He then gave both appraisers his preliminary assessment of the loss and gave them an opportunity to challenge his assessment and to advocate for their respective positions.

"The defendant's appraiser accepted the umpire's valuation, which became the appraisal panel's decision on the amount of the loss, and the panel issued its arbitration award in two parts: first, it awarded $578,587.64 for 'replacement or restoration cost' of the building on the property, which the panel depreciated to its actual cash value of $460,170.16, with the difference withheld until the plaintiff completed repairs, and, second, the panel later awarded an additional $79,731.68 for the actual cash value loss to the plaintiff's personal property." (Citation omitted; footnote added and footnotes omitted.) *Kellogg* v. *Middlesex Mutual Assurance Co.*, 326 Conn. 638, 640–43, 165 A.3d 1228 (2017).

In September, 2013, the plaintiff filed in the Superior Court an application to vacate the arbitration award pursuant to General Statutes § 52-418.[2] Id., 643; see *Kel-*

*logg* v. *Middlesex Mutual Assurance Co.*, Superior Court, judicial district of Stamford-Norwalk, Docket No. CV-13-6019847-S. On February 5, 2016, following eight days of trial, the trial court, *Hon. Kevin Tierney*, judge trial referee, granted the application to vacate the award and remanded the matter for a new arbitration hearing on the basis of its conclusion that the award violated § 52-418 (a) in two ways. *Kellogg* v. *Middlesex Mutual Assurance Co.*, supra, 326 Conn. 643–44. First, "[r]elying on a valuation based on its own conclusions," the court determined that the amount of the award was insufficient, thereby prejudicing the plaintiff's " 'substantial monetary rights' " in violation of § 52-418 (a) (3). Id., 644–45. In support of its analysis, "[t]he court identified thirty-four instances in which the plaintiff had claimed damage to a specific portion of the property and the [appraisal] panel awarded less than the plaintiff had requested, sometimes awarding nothing at all." Id., 644. Second, the court concluded that the award reflected a manifest disregard of the law in violation of § 52-418 (a) (4). Id., 645. "More specifically, the court concluded, based on its own interpretation of the [restorationist] policy language, that the panel's decision '[was] in obvious error' when it calculated depreciation in a policy that 'provides for no depreciation . . . .' " Id. On February 19, 2016, the defendant appealed from Judge Tierney's decision to this court, and, subsequently, our Supreme Court transferred the appeal to itself pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1 (appraisal appeal). Id.

On March 7, 2016, less than one month after the defendant had filed the appraisal appeal, the plaintiff commenced the present action against the defendant. The plaintiff's original complaint set forth six counts: breach of contract (count one); breach of the covenant of good faith and fair dealing (count two); negligence[3] (count three); a CUTPA/CUIPA claim[4] (count four); negligent infliction of emotional distress (count five); and promissory estoppel (count six). By way of an amended complaint filed on April 14, 2016, the plaintiff added a seventh count asserting a separate CUTPA violation untethered to CUIPA (count seven). In support of all of her claims, the plaintiff alleged, inter alia, that the defendant had failed to compensate her adequately for the damage caused to the property and to properly implement the terms of the restorationist policy.

On April 27, 2016, the defendant filed a motion to dismiss the plaintiff's amended complaint, claiming that, in light of the appraisal appeal pending at the time, the present action was (1) not ripe or, alternatively, (2) barred pursuant to the prior pending action doctrine. On November 7, 2016, the court, *Heller, J.*, denied the motion to dismiss. The court first rejected the defendant's ripeness argument, determining "that the plaintiff's claims in this action were not before the appraisal . . . panel. They are independent of the claims asserted

in the proceeding to vacate the [arbitration] award, and they are not contingent on the outcome of the [appraisal] appeal . . . . They are ripe for adjudication, and, therefore, they are justiciable." The court then rejected the defendant's claim invoking the prior pending action doctrine, concluding that a pending appeal is not a prior pending action.

On August 22, 2017, while the present action was pending, our Supreme Court issued a decision in the appraisal appeal concluding that Judge Tierney improperly had vacated the arbitration award because (1) his disagreement with the amount of the award did "not establish that the arbitrators violated § 52-418 (a) (3) and was not a proper ground for vacating the arbitration award," and (2) the appraisal panel did not manifestly disregard the law in violation of § 52-418 (a) (4). *Kellogg* v. *Middlesex Mutual Assurance Co.*, supra, 326 Conn. 647–51. Accordingly, our Supreme Court reversed Judge Tierney's decision and remanded the case with direction to deny the plaintiff's application to vacate the award. Id., 651.

In the present action, on August 17, 2018, the plaintiff filed a second revised and amended complaint (i.e., the operative complaint). Following rulings by the court, *Jacobs, J.*, adjudicating motions to strike filed by the defendant, the second revised and amended complaint (1) reasserted counts one and six, (2) repleaded count four, and (3) intentionally left blank counts two, three, five, and seven to preserve the plaintiff's rights to appellate review.[5]

On August 24, 2018, the defendant filed a motion for summary judgment accompanied by a supporting memorandum of law and exhibits. With respect to count one, the defendant argued that the plaintiff's breach of contract claim was barred pursuant to (1) the doctrine of res judicata and (2) the suit limitation provision of the restorationist policy.[6] With respect to count four, the defendant contended that (1) the plaintiff's CUTPA/CUIPA claim was time barred pursuant to § 42-110g (f), and (2) the plaintiff did not have an actionable CUTPA/CUIPA claim because the defendant did not make any misrepresentations regarding coverage afforded under the policy. With respect to count six, the defendant asserted that (1) the plaintiff's promissory estoppel claim was barred pursuant to the suit limitation provision of the policy, (2) the policy constituted a written enforceable contract between the parties, thereby barring the promissory estoppel claim, and (3) the plaintiff could not establish the elements of a promissory estoppel claim. On October 12, 2018, the plaintiff filed a memorandum of law in opposition to the motion for summary judgment, with accompanying exhibits. On October 25, 2018, the defendant filed a reply brief.[7]

On February 4, 2019, after having heard argument from the parties, the court, *Hernandez, J.*, denied the

defendant's motion for summary judgment, summarily determining that "genuine issues as to material facts exist." On March 1, 2019, the defendant filed a motion for reargument and/or reconsideration as to the court's denial of its motion for summary judgment. On March 29, 2019, the plaintiff filed an objection. On September 13, 2019, after having heard argument from the parties, the court issued an order adhering to its decision. This appeal followed. Additional facts and procedural history will be set forth as necessary.

I

As a threshold matter, we consider whether the denial of the defendant's motion for summary judgment is an appealable final judgment. "The jurisdiction of the appellate courts is restricted to appeals from judgments that are final. . . . The policy concerns underlying the final judgment rule are to discourage piecemeal appeals and to facilitate the speedy and orderly disposition of cases at the trial court level. . . . The appellate courts have a duty to dismiss, even on [their] own initiative, any appeal that [they lack] jurisdiction to hear. . . . We therefore must always determine the threshold question of whether the appeal is taken from a final judgment before considering the merits of the claim." (Citations omitted; internal quotation marks omitted.) *Wolfork* v. *Yale Medical Group*, 335 Conn. 448, 459, 239 A.3d 272 (2020).

We begin by setting forth the following relevant procedural history. On October 2, 2019, the plaintiff filed a motion to dismiss this appeal for lack of a final judgment, and, in turn, the defendant filed an objection. On January 8, 2020, this court denied the motion to dismiss without comment. In their respective appellate briefs filed between September and December, 2020, the parties again addressed the finality of judgment question. Thereafter, on August 25, 2021, prior to hearing oral argument in this matter, we sua sponte ordered the parties to file supplemental briefs "addressing, separately as to each claim, whether or not the trial court's denial of the defendant's motion for summary judgment with respect to (1) the policy's contractual limitation, (2) the plaintiff's promissory estoppel claim, and (3) the plaintiff's CUTPA/CUIPA claim is 'inextricably intertwined' with the court's denial of the motion on res judicata grounds. See *Santorso* v. *Bristol Hospital*, 308 Conn. 338, 354 n.9, [63 A.3d 940] (2013)." The parties submitted supplemental briefs in compliance with our order

Notwithstanding that this court denied the plaintiff's motion to dismiss this appeal for lack of a final judgment, "we may choose to reevaluate the jurisdictional question at this juncture. See, e.g., *Governors Grove Condominium Assn., Inc.* v. *Hill Development Corp.*, 187 Conn. 509, 511 and n.6, 446 A.2d 1082 (1982), overruled on other grounds by *Morelli* v. *Manpower, Inc.*,

226 Conn. 831, 628 A.2d 1311 (1993); *Barry* v. *Historic District Commission*, 108 Conn. App. 682, 687 n.2, 950 A.2d 1, cert. denied, 289 Conn. 943, 959 A.2d 1008 (2008), and cert. denied, 289 Conn. 942, 959 A.2d 1008 (2008); *Rocque* v. *Sound Mfg., Inc.*, 76 Conn. App. 130, 132 n.3, 818 A.2d 884, cert. denied, 263 Conn. 927, 823 A.2d 1217 (2003); *Groesbeck* v. *Sotire*, 1 Conn. App. 66, 67–68, 467 A.2d 1245 (1983)." *Village Mortgage Co.* v. *Veneziano*, 203 Conn. App. 154, 165, 247 A.3d 588 (2021). Following a review of the case upon full briefing and oral argument, we conclude that it is prudent to revisit the issue and to reaffirm that we have subject matter jurisdiction to consider the denial of the defendant's motion for summary judgment in its entirety.

"[O]rdinarily, the denial of a motion for summary judgment is not an appealable final judgment. . . . When the decision on a motion for summary judgment, however, is based on the doctrine of collateral estoppel, the denial of that motion does constitute a final judgment for purposes of appeal. . . . That precept applies to the doctrine of res judicata with equal force." (Internal quotation marks omitted.) *Deutsche Bank AG* v. *Sebastian Holdings, Inc.*, 174 Conn. App. 573, 578 n.4, 166 A.3d 716 (2017), aff'd, 331 Conn. 379, 204 A.3d 664 (2019). Accordingly, insofar as the defendant appeals from the denial of its motion for summary judgment on count one vis-à-vis the doctrine of res judicata, we conclude that this appeal is jurisdictionally sound.

In its motion for summary judgment, the defendant did not contend that counts four and six were barred pursuant to the doctrine of res judicata; rather, the defendant argued that (1) count four (a) was time barred pursuant to § 42-110g (f), and (b) failed as a matter of law, and (2) count six (a) was barred pursuant to the suit limitation provision of the restorationist policy and (b) failed as a matter of law. The defendant also argued that the suit limitation provision of the policy barred count one. The defendant maintains these claims on appeal. Additional analysis is necessary to determine whether we have subject matter jurisdiction over these claims.

"[A]lthough normally the court's denial of a motion for summary judgment on grounds other than those that fully conclude the rights of the parties would not be considered a final judgment for appeal purposes, if summary judgment is sought primarily on the basis of res judicata . . . but the movants move unsuccessfully for summary judgment on an alternative ground as well, the court may review the denial of such a claim along with the denial of the res judicata defense when the two are inextricably intertwined with one another." *Girolametti* v. *Michael Horton Associates, Inc.*, 173 Conn. App. 630, 648, 164 A.3d 731 (2017), aff'd, 332 Conn. 67, 208 A.3d 1223 (2019); see also *Santorso* v. *Bristol Hospital*, supra, 308 Conn. 354 n.9 (claim regard-

ing denial of statute of limitations defense reviewable when inextricably intertwined with claim regarding denial of res judicata defense).

Although it did not address a res judicata claim, we are guided by our Supreme Court's decision in *Collins* v. *Anthem Health Plans, Inc.*, 266 Conn. 12, 836 A.2d 1124 (2003). In *Collins*, the plaintiffs, several orthopedic surgeons and groups of orthopedic surgeons, brought an action claiming breach of contract, tortious interference with business expectations, and a violation of CUTPA on the basis of allegations that the defendant, among other things, had failed to pay adequately for medical procedures pursuant to the terms of written agreements executed between the parties. Id., 16–17. Subsequently, the plaintiffs filed a motion for class certification, which the trial court granted only as to three subparagraphs of factual allegations contained in the plaintiffs' complaint that were alleged in support of each of the plaintiffs' claims. Id., 20. The defendant appealed from the class certification order to this court, and our Supreme Court transferred the appeal to itself pursuant to § 51-199 (c) and Practice Book § 65-1.[8] Id., 16 n.1.

Before reaching the merits of the defendant's claims in *Collins*, our Supreme Court considered whether it had subject matter jurisdiction to entertain the portion of the appeal challenging the class certification order vis-à-vis the plaintiffs' non-CUTPA counts. Id., 28. The court determined that, by statute, an order granting class certification for an action brought pursuant to CUTPA was subject to immediate appellate review, and, therefore, "there [was] no question about the appealability of the CUTPA counts . . . ." Id., 29; see General Statutes § 42-110h. The court further concluded that it would review the defendant's claims as to the non-CUTPA counts pursuant to the "inextricably intertwined" rationale. *Collins* v. *Anthem Health Plans, Inc.*, supra, 266 Conn. 29. As the court explained: "[T]he trial court granted class certification with respect to three subparagraphs of the plaintiffs' complaint that contained factual allegations supporting *each count of the complaint*; and the certification order did not differentiate among, or even address, the individual counts of the complaint. Therefore, in a realistic, if not a formal, sense, our analysis of the court's class certification order would apply to all counts of the complaint, because each count depends upon the same factual issues certified for class representation in the court's order. Any restriction of our review of this class certification order with respect to the CUTPA count would, therefore, be purely hypothetical. Consequently, we conclude that where, as here, the factual and legal bases of the class certification issues do not differ among the CUTPA and [non-CUTPA] claims, and where they are, therefore, inextricably intertwined with each other, our conclusions regarding the class certification of the

CUTPA counts will, as a matter of law, govern the class certification of the [non-CUTPA] counts as well." (Emphasis in original.) Id., 30.

We consider the circumstances in this case to be comparable to *Collins*. As we will discuss in detail in part II of this opinion, in denying the defendant's motion for summary judgment, the trial court did not separately address each of the defendant's claims; rather, it denied the motion for summary judgment in toto on the basis of its reliance on (1) Judge Tierney's findings in his decision granting the plaintiff's application to vacate the arbitration award and (2) Judge Heller's denial of the defendant's motion to dismiss the plaintiff's amended complaint. In other words, the court relied on the same rationale in rejecting all of the defendant's claims raised in its motion for summary judgment, including its res judicata defense directed to count one. As such, our analysis as to the defendant's res judicata claim is equally applicable to the rest of its claims, and, consequently, we deem all of the defendant's claims to be inextricably intertwined. As in *Collins*, restricting our review on appeal to the defendant's res judicata claim would be "purely hypothetical." Id.; cf. *Rockwell* v. *Rockwell*, 196 Conn. App. 763, 772–73, 230 A.3d 889 (2020) (denial of so-called "motion to dismiss and/or motion for summary judgment" raising statute of limitations defense was not inextricably intertwined with denial of motion for summary judgment predicated on doctrines of res judicata and/or collateral estoppel when claims were presented in two separate motions and no "meaningful connection" was discerned between claims). Accordingly, we conclude that we have subject matter jurisdiction to consider all of the defendant's claims on appeal directed to the trial court's denial of its motion for summary judgment.

II

With respect to the merits of this appeal, the defendant claims that the trial court improperly denied its motion for summary judgment. For the reasons that follow, we conclude that the court committed error in denying the motion for summary judgment and that, as a result, the denial of the motion for summary judgment must be reversed and the matter must be remanded for further proceedings.

"Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter

of law. . . . On appeal, we must determine whether the legal conclusions reached by the trial court are legally and logically correct and whether they find support in the facts set out in the memorandum of decision of the trial court." (Internal quotation marks omitted.) *Deutsche Bank AG* v. *Sebastian Holdings, Inc.*, supra, 174 Conn. App. 578–79. Accordingly, we exercise plenary review over the court's denial of the defendant's motion for summary judgment. Id., 579.

In a decision issued on July 31, 2020, further articulating its rationale for denying the defendant's motion for summary judgment,[9] the court briefly summarized (1) Judge Tierney's decision granting the plaintiff's application to vacate the arbitration award, (2) our Supreme Court's decision in *Kellogg* v. *Middlesex Mutual Assurance Co.*, supra, 326 Conn. 638, reversing Judge Tierney's decision, and (3) Judge Heller's denial of the defendant's motion to dismiss the plaintiff's amended complaint. Thereafter, the court determined that "[t]he law of the case in this action precludes a finding that there exist no triable issues of fact with respect to [counts one, four, and six of the plaintiff's second revised and amended complaint]." Specifically, relying entirely on Judge Tierney's findings and Judge Heller's ruling,[10] the court concluded that (1) counts one, four, and six "state[d] viable causes of action," (2) counts one, four, and six "were not before the appraisal . . . panel, and, therefore, were not before [our] Supreme Court [in the appraisal appeal]," and (3) "the evidence [that] resulted in the factual findings of Judge Tierney [in his decision granting the plaintiff's application to vacate the award], if presented at trial, would present material issues of fact regarding [counts one, four, and six]." With regard to Judge Tierney's findings, the court explained that Judge Tierney had "recognized the historic and unique nature of the subject property, the sweeping promises contained in the restorationist policy and identified thirty-four instances in which the defendant failed to pay the plaintiff under the policy for the dwelling or its contents. . . . These findings set forth the manner in which the defendant allegedly failed to carry out the terms of its sweeping policy [that] it marketed to the plaintiff. As such, those findings raise justiciable factual issues regarding [counts one, four, and six]." (Citation omitted.) Although the court acknowledged that Judge Tierney's decision had been reversed by our Supreme Court in *Kellogg* v. *Middlesex Mutual Assurance Co.*, supra, 326 Conn. 638, it determined that (1) Judge Tierney's findings were not before our Supreme Court in the appraisal appeal, (2) our Supreme Court reversed Judge Tierney's judgment vacating the award only on procedural grounds, and (3) our Supreme Court's decision did not invalidate any of Judge Tierney's findings.

The defendant claims that, in denying its motion for summary judgment, the court improperly relied on (1)

Judge Tierney's findings in his decision granting the plaintiff's application to vacate the arbitration award and (2) Judge Heller's denial of its motion to dismiss. We agree.

Before addressing the merits of the defendant's claims, we note that the court's reliance on Judge Tierney's findings and Judge Heller's ruling stemmed from its application of the law of the case doctrine. "The law of the case doctrine expresses the practice of judges generally to refuse to reopen what has been decided and is not a limitation on their power. . . . Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case . . . . [T]he law of the case doctrine does not preclude a judge from deciding an issue in a way contrary to how it was decided by a predecessor judge in the same case. . . . [It] provides that judges may treat a prior ruling as the law of the case if they agree with the determination. He or she may, however, decide the issue differently if he or she is convinced that the prior decision is wrong." (Citation omitted; internal quotation marks omitted.) *Sullivan* v. *Thorndike*, 137 Conn. App. 223, 227–28, 48 A.3d 130 (2012).

A

We first address the defendant's claim that the court committed error in predicating its denial of the defendant's motion for summary judgment on Judge Tierney's findings in his decision granting the plaintiff's application to vacate the arbitration award because Judge Tierney's decision was reversed by our Supreme Court in *Kellogg* v. *Middlesex Mutual Assurance Co.*, supra, 326 Conn. 638. We conclude that the court's reliance on Judge Tierney's findings was improper.

Initially, we observe that the court incorrectly determined that Judge Tierney's findings were subject to the law of the case doctrine in this matter. At a minimum, "[t]he law of the case doctrine applies only to subsequent proceedings *in the same case*." (Emphasis in original.) *Forte* v. *Citicorp Mortgage, Inc.*, 66 Conn. App. 475, 481, 784 A.2d 1024 (2001). Thus, the law of the case doctrine did not apply to Judge Tierney's findings, which were made in a decision issued in a separate matter concerning the plaintiff's application to vacate the arbitration award.

Even if the law of the case doctrine were applicable, the court erred in basing its denial of the motion for summary judgment on Judge Tierney's findings in light of our Supreme Court's reversal of Judge Tierney's decision in *Kellogg* v. *Middlesex Mutual Assurance Co.*, supra, 326 Conn. 638. "[W]e note that, [i]f a judgment is set aside on appeal, its effect is destroyed and the parties are in the same condition as before it was rendered." (Internal quotation marks omitted.) *Hospital*

*Media Network, LLC* v. *Henderson,* 209 Conn. App. 395, 409, A.3d (2021). As such, factual findings set forth in a judgment that has been unconditionally reversed have no precedential value. See, e.g., id., 410–11 (trial court acted within scope of remand order by making independent factual findings on basis of entire record when prior judgment was reversed and matter was remanded for new hearing in damages); cf. *Fazio* v. *Fazio,* 199 Conn. App. 282, 287, 289–90, 235 A.3d 687 (prior finding of cohabitation was binding on trial court on remand when that finding was not challenged in prior appeal and this court in prior appeal, instead of remanding for new trial, issued "limited remand" directing trial court " 'to determine the intent of the parties after consideration of all the available extrinsic evidence and the circumstances surrounding the entering of the [separation] agreement' "), cert. denied, 335 Conn. 963, 239 A.3d 1213 (2020).

In *Kellogg* v. *Middlesex Mutual Assurance Co.*, supra, 326 Conn. 638, our Supreme Court reversed Judge Tierney's decision in full and remanded the matter with direction to deny the plaintiff's application to vacate the arbitration award. Id., 651. The court's decision rested on its conclusion that Judge Tierney improperly substituted his judgment for that of the appraisal panel and failed to properly defer to the panel. Id., 640, 645, 647–51. As the court explained, "[w]hen considering a motion to vacate an unrestricted arbitration award, a trial court should not substitute its judgment for that of the arbitrators. . . . When the scope of the submission is unrestricted, the resulting award is not subject to de novo review even for errors of law so long as the award conforms to the submission. . . . In other words, [u]nder an unrestricted submission, the arbitrators' decision is considered final and binding; thus, the courts will not review the evidence considered by the arbitrators nor will they review the award for errors of law or fact." (Emphasis omitted; internal quotation marks omitted.) Id., 645–46.

Put simply, Judge Tierney's findings became a nullity as a result of *Kellogg*. It follows that the court erred in relying on Judge Tierney's findings to deny the defendant's motion for summary judgment.

B

The defendant also claims that, in denying its motion for summary judgment, the court improperly relied on Judge Heller's denial of its motion to dismiss the plaintiff's amended complaint notwithstanding that its motion to dismiss and its motion for summary judgment concerned wholly separate claims. We agree.

First, as posited by the defendant, the motion to dismiss and the motion for summary judgment raised distinct claims. In its motion to dismiss, the defendant asserted that the present action was (1) not ripe or,

alternatively, (2) barred pursuant to the prior pending action doctrine. In contrast, the defendant's motion for summary judgment was predicated on, among others, a res judicata defense.

Additionally, "[a] trial court applies different principles and a different analysis when ruling on a motion to dismiss as opposed to a motion for summary judgment." *Henderson* v. *Lagoudis*, 148 Conn. App. 330, 339, 85 A.3d 53 (2014). "Whereas a motion to dismiss is decided only on the allegations in the complaint and the facts implied from those allegations, summary judgment is decided by looking at all of the pleadings, affidavits and documentary evidence presented to the court in support of the motion. The latter standard, therefore, takes account of the facts that have been developed through discovery, rather than merely relying on the plaintiffs' allegations at the outset of the action." (Emphasis omitted; internal quotation marks omitted.) Id., 340. In short, the law of the case doctrine is inapplicable to the circumstances of this case. See *Sidorova* v. *East Lyme Board of Education*, 158 Conn. App. 872, 878–79 n.7, 122 A.3d 656 (rejecting claim that denial of motion to dismiss and denial in part of motion to strike, directed to prior versions of operative complaint, constituted law of case that should have resulted in denial of motion for summary judgment, deeming law of case doctrine inapplicable), cert. denied, 319 Conn. 911, 123 A.3d 436 (2015); *Henderson* v. *Lagoudis*, supra, 339–41 (law of case doctrine was inapplicable to situation when trial court granted defendants' motion for summary judgment on basis that plaintiff lacked standing notwithstanding prior court's denial of defendants' motion to dismiss predicated on standing).

In sum, we conclude that the court's reliance on Judge Heller's denial of the defendant's motion to dismiss to support its denial of the defendant's motion for summary judgment was improper.

C

Having concluded that the court improperly denied the defendant's motion for summary judgment, we now consider the appropriate remedy. In its appellate briefs, the defendant asks us to conclude that it is entitled to summary judgment as to counts one, four, and six of the plaintiff's second revised and amended complaint. Under the circumstances of this case, we believe that the appropriate recourse is to remand the case for further proceedings and to provide the defendant with another opportunity to pursue its motion for summary judgment. In essence, by improperly basing its denial of the defendant's motion for summary judgment on Judge Tierney's findings in his decision granting the plaintiff's application to vacate the arbitration award and Judge Heller's denial of the defendant's motion to dismiss the plaintiff's amended complaint, the court failed to properly address the defendant's motion for

summary judgment. Rather than delving into the merits of the defendant's claims, we are inclined to permit the court to address them on remand following a proper consideration of the motion for summary judgment, should the defendant choose to renew it. See, e.g., *Greene* v. *Keating*, 156 Conn. App. 854, 861–62, 115 A.3d 512 (2015) (vacating denial of motion for summary judgment and granting of cross motion for summary judgment and remanding case for proper consideration of motions when trial court, in ruling on motions, sua sponte raised and considered ground not presented or briefed by parties); *Singhaviroj* v. *Board of Education*, 124 Conn. App. 228, 234–37, 4 A.3d 851 (2010) (reversing denial of motions for summary judgment and remanding for further proceedings when trial court summarily denied motions without determining whether genuine issue of material fact existed regarding res judicata and collateral estoppel defenses and without giving parties opportunity to argue merits of those defenses); *Manifold* v. *Ragaglia*, 94 Conn. App. 103, 123, 891 A.2d 106 (2006) (reversing denial of motion for summary judgment and remanding case for further proceedings when trial court improperly treated motion for summary judgment as motion to dismiss in relation to claim that court lacked subject matter jurisdiction).[11]

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

[1] In their respective appellate briefs, the parties represent that the defendant invoked the appraisal provision. This discrepancy is of no moment.

[2] General Statutes § 52-418 (a) provides: "Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when the court is not in session, any judge thereof, shall make an order vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

[3] The plaintiff labeled this count as "negligence in settling claim."

[4] "CUTPA is, on its face, a remedial statute that broadly prohibits unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. . . . To give effect to its provisions, [General Statutes] § 42-110g (a) of [CUTPA] establishes a private cause of action, available to [a]ny person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by [General Statutes §] 42-110b . . . . CUIPA, which specifically prohibits unfair business practices in the insurance industry and defines what constitutes such practices in that industry . . . does not authorize a private right of action but, instead, empowers the [Insurance Commissioner] to enforce its provisions through administrative action. . . . In *Mead* v. *Burns*, 199 Conn. 651, 663, 509 A.2d 11 (1986), [however, our Supreme Court] determined that individuals may bring an action under CUTPA for violations of CUIPA." (Citations omitted; internal quotation marks omitted.) *Artie's Auto Body, Inc.* v. *Hartford Fire Ins. Co.*, 317 Conn. 602, 623, 119 A.3d 1139 (2015).

[5] On December 22, 2017, the defendant filed a motion to strike the plaintiff's amended complaint. On June 1, 2018, the court, *Jacobs, J.*, granted in part

the defendant's motion to strike, striking counts two, three, five, and seven. The court declined to strike count one on the basis that the defendant was asking the court to "look beyond the four corners of the amended complaint to judicially notice the disposition of related issues between the same parties in [the appraisal appeal]," which the court deemed to be improper. The court also declined to strike count four, concluding that the plaintiff alleged sufficient facts to support one part of her CUTPA/CUIPA claim predicated on a violation of General Statutes § 38a-816 (1); however, the court observed that the plaintiff failed to allege sufficient facts to support the other part of her CUTPA/CUIPA claim predicated on a violation of § 38a-816 (6). In addition, the court declined to strike count six, concluding that the plaintiff had alleged sufficient facts to support her promissory estoppel claim.

On June 15, 2018, the plaintiff filed a substituted and amended complaint in which she (1) reasserted counts one and six, (2) repleaded counts two, four, and seven, and (3) intentionally left blank counts three and five to preserve her rights to appellate review. On June 29, 2018, the defendant filed a motion to strike counts two, four, and seven of the substituted and amended complaint, which the court granted on August 16, 2018.

[6] The defendant also argued that it was entitled to summary judgment on count one on the basis that its request for an appraisal under the restorationist policy barred the plaintiff's breach of contract claim. The defendant does not address that ground in its appellate briefs and, therefore, we need not further discuss it.

[7] In its reply brief, the defendant further asserted that the plaintiff had failed to disclose an expert vis-à-vis her CUTPA/CUIPA claim.

[8] In addition, the plaintiffs cross appealed from the class certification order. *Collins* v. *Anthem Health Plans, Inc.*, supra, 266 Conn. 16 n.1.

[9] On November 20, 2019, pursuant to Practice Book § 66-5, the defendant filed a motion for articulation as to the court's February 4, 2019 order denying the motion for summary judgment. On July 31, 2020, in response to the motion for articulation, the court issued a memorandum of decision further articulating the basis of its denial of the motion for summary judgment.

[10] Earlier in its decision, in setting forth the background of the case, the court made a passing reference to Judge Jacobs' rulings on the defendant's motions to strike. See footnote 5 of this opinion. Although the court expressly referenced Judge Tierney's findings and Judge Heller's ruling in setting forth the basis of its denial of the motion for summary judgment, the court did not mention Judge Jacobs' rulings in its analysis.

[11] In the portion of its principal appellate brief setting forth the nature of the proceedings and the facts of the case, the defendant states that the plaintiff submitted inadmissible evidence in support of her memorandum of law in opposition to the defendant's motion for summary judgment. The defendant raised this issue in its reply brief filed in response to the plaintiff's memorandum of law in opposition to its motion for summary judgment, but this issue was not addressed by the court. Insofar as the defendant is raising this issue as a claim of error on appeal, we need not address it in light of our resolution of this appeal.